## AUGUST REESE ET. AL. V. ZACH. L. COBB.

### No. 2257. Decided November 20, 1912.

**Land Grant—Municipal Corporation—Succession—Conveyance.**

Four leagues of land having been granted to the "inhabitants of the Presidio de San Elizario" in confirmation of a former Spanish grant (Act of February 5, 1853) and the subsequent incorporation of such presidio as a town under the laws of Texas having been later dissolved, a town of San Elizario was nine years later (1896) incorporated under the general laws of Texas, including only two square miles. The land in controversy, a part of that granted to the "inhabitants" of the presidio, was not included in the corporate limits of such town. Plaintiff claimed title to it under a conveyance from such last incorporated town and also a judgment recovering it in an action against such corporation. Held:

(1) That such town had no right to convey real property situated outside its corporate limits (Rev. Stats., art. 587).

(2) That by its incorporation it acquired no title or succession to the lands granted to the inhabitants of the former presidio, and none passed to plaintiff by his judgment against it.

(3) That section 43 of the Act of January 27, 1858 (General Incorporation Law) vesting in the authorities of towns incorporated thereunder the right to convey lands previously granted to the inhabitants of their territory, being omitted from the Revised Statutes of 1879 and of 1895, was no longer in force at the time of the incorporation of the town in 1896.

(4) That plaintiff showed no title and could not recover.

Error to the Court of Civil Appeals, Fourth District, in an appeal from El Paso County.

Cobb sued Rees and others for the recovery of land. Plaintiff had judgment which was affirmed on appeal by defendants. Appellants then obtained writ of error.

*Patterson, Buckler & Woodson,* and *W. B. Brack,* for plaintiffs in error.—As the land involved was claimed by the plaintiff under a deed from the town of San Elizario, which town was organized under

Title 11, Chapter 18, of the Revised Statutes, in the year 1906, and as the evidence showed that the said town did not have or hold, and never had or held, and could not under the law hold or sell the land involved, it being over seven miles outside of its limits, the trial court should not have instructed a verdict for the plaintiff. Rev. Stats., art. 580 (as amended 1897, p. 193) ; Rev. Stats., art. 587; Barnett v. Denison, 145 U. S., p. 135.

As the town of San Elizario organized in 1906 is a mere creature of the Legislature, having no inherent rights or powers, and having only such rights and powers as the Legislature has given it, and under the provisions of articles 580 and 587 of the Revised Statutes (Chapter 11, Title 18), it could not hold or dispose of land outside of its limits, the deed from the said town conveyed no title whatever.

The old town of San Elizario, incorporated by the Special Act of 1871, having a territory or area of, and comprising a population within a district of more than 60 square miles, any title it may have held to the land (if it ever held any) irrespective of arts. 580 and 587, R. S., did not pass to the small town of San Elizario, organized 15 years after the repeal of the old act of incorporation with an area of two square miles, and comprising a different population. Rev. Stats., art. 580 (as amended 1897, p. 193) ; Rev. Stats., art. 587; Barnett v. Denison, 145 U. S., 135; Dillon on Mun. Corp., 4th ed., secs. 89, 169a.

*Seymour Thurmond,* for defendant in error.—The inhabitants of the Town of San Elizario having held the fee simple title to the San Elizario Grant, by a Spanish grant and the confirmation and patent thereof by the State of Texas; and the Legislature having incorporated the Town of San Elizario with limits co-existensive with the boundaries of the grant, and in said act having recognized that the said corporation owned the lands of the grant, and said special charter having been afterwards repealed, but the Town of San Elizario being now incorporated under the general law with restricted corporate limits, which do not include the lands in dispute; nevertheless, the present corporation, as successor to and the continuation of the old corporation, held title to the undisposed of lands of the grant, whether within or without the present town limits, and its deed to the land in dispute carried title to appellee, because the Legislature never intended to deprive the municipal corporation of San Elizario of the right to hold and dispose of land which it already held in fee simple and private ownership. Girard v. Philadelphia, 7 Wall., 1; Ft. Wayne v. Lake Shore R. R. Co., 18 L. R. A., 367-370; Taylor v. Hoya, 9 Texas Civ. App., 312; Kemper v. Victoria, 3 Texas, 137; City of Laredo v. Macdonnell, 52 Texas, 522; Dill. on Mun. Corp, 4th ed., Vol. 1, sec. 66, 68, 174; and note 1 under sec. 72, Vol. 2, sec. 575-6; Acts 7th Leg., Chap. 61, sec. 43; Acts 25th Leg., Chap. 61, p. 64.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The facts as shown by the record are that on the 5th day of February, 1853, the Legislature of the State of Texas enacted this law:

"Section 1. Be it enacted by the Legislature of the State of Texas, That the grant made to the people of Presidio de San Elizario in the year seventeen hundred and ninety, to the following described tract of land, to-wit: commencing on the Rio Grande at a point where the established line of division between the towns of Socarro and San Elizario strikes said river for the northern boundary, and following said line to the hills bordering on the eastern bank of the river Viejo; thence running southeast along with said hills down the river Viejo, to a point at which said Rio Viejo empties into the Rio Grande; thence up said Rio Grande from the mouth of the Rio Viejo to the place of beginning, containing four leagues more or less, is hereby fully recognized and confirmed.

"Section 2. That the Commissioner of the General Land Office be, and he is hereby authorized to issue a patent to the inhabitants of said town of Presidio de San Elizario, to the above described tract of land; provided, that there are no evidences of conflicting claims for said tract of land on record in the General Land Office."

A patent was issued by the Commissioner of the General Land Office granting and releasing the right and title of the land described in the Act above copied to the inhabitants of the town of Presidio de San Elizario.

The town of Eleceario (Elizario) was incorporated by Act of the Legislature (Special Laws, 1871, pp. 83-89), with its boundaries described as set out above in the Act of 1853. The 24th section of the Act reads:

"That the town council shall have the power, in the manner hereinafter specified, to grant or sell portions of real estate, the property of the said town of San Eleceario, to any of the following person or persons, and to no others: First, to actual settlers on said lands, who are citizens of the town of San Eleceario. Second, to any person or company for the erection of buildings to be used for mechanical or manufacturing purposes, or for the building of railroad depots or workshops; provided, that the land granted or sold shall not exceed the quantity to be actually covered by the erection of such buildings. Third, to any person or persons who may desire to become citizens of said town, and who shall become actual settlers on the lands sold or granted."

The inhabitants of that town ignored the special charter of 1871, and attempted to organize under the general law for the incorporations of towns, etc., and while acting under that organization sold some of the lands. In 1891 the Legislature enacted a law with this preamble:

"Whereas, the State of Texas granted by patent to inhabitants of the town of San Elizario in El Paso, a body of land, and the inhabitants of said town, for many years, ignored the special charter and organized in pursuance of the general incorporation laws, a municipal corporation, and subdivided the lands aforesaid into small parcels, and the corporation conveyed the same by deed, and said lands are now, in good faith held and owned by hundreds of persons, most of whom have cultivated or improved the same; now therefore:" (We also copy the first section.)

"Section 1. Be it enacted by the Legislature of the State of Texas: That all deeds to any part of the lands patented to inhabitants of the town of San Elizario, executed under the authority of said town while acting under the general incorporation laws of the State, are hereby declared valid to all intents and purposes as if the same had been executed under and in conformity with the special charter of said town."

In section 2 of said act is this proviso: "Provided that nothing in this Act shall be construed as in any way acknowledging, acquiring or validating the claims of any person as against the claim of the University of Texas, or the claim of the State of Texas to any portion of the land covered or claimed to be covered by the San Elizario grant; provided further that no suit now pending or hereafter brought by or in behalf of the University of Texas shall be affected by anything in this Act contained."

On March 23, 1891, the Legislature enacted the following:

"Section 1. Be it enacted by the Legislature of the State of Texas: That an Act entitled 'An Act to incorporate the town of San Elecerio in El Paso county, passed by the twelfth Legislature, approved 5th day of April, 1871, be and the same is hereby repealed."

In May, 1893, the town of San Elizario was again incorporated under the general law for the incorporation of towns, etc. The corporate limits were four thousand varas by four thousand varas, which included what had been known as San Elizario. By an election in 1897 that corporation was abolished. In November, 1906, the present town of San Elizario was incorporated under the general law for forming such corporations, but did not include the land in controversy. The boundaries of the town were given thus: One mile north from the plaza and one mile south from the plaza; one-half mile east from the plaza and one-half mile west from the plaza.

We copy from the opinion of the Court of Civil Appeals as follows:

"It was admitted that there was no outstanding title to the land involved in this suit, in the State of Texas. The present corporation conveyed this land to appellee Cobb on September 21, 1908. He also had procured a judgment of the District Court of El Paso County for the land against said corporation. This last named item of evidence we think would not operate to pass title, if the incorporated town did not in fact have power to hold or dispose of the land, which is one of appellants' contentions."

The case was submitted to the judge without a jury and judgment was entered for Cobb.

It devolved upon Cobb, as plaintiff in the trial court, to produce evidence showing title in himself, and if the evidence fails to establish such title the judgment must be reversed.

We need go no further back in the history of the title than the Act of the fourth Legislature of this State, enacted in 1853 and copied in our statement. Whether the grant from Spain was valid or invalid that Act passed the title of this State to "the inhabitants of Presidio San de Elizario." The patent being issued the title vested.

Presidio San de Elizario was not a corporate body capable of holding real estate, therefore; the title vested in "the inhabitants." But

Cobb did not derive title from any one who received a patent from the State under that Act.

The municipal corporation created by the act of 1871 was by the 24th section empowered to sell land to actual settlers and others, but Cobb does not claim title under any purchaser from that corporation. Having repudiated the charter of 1871 the inhabitants attempted to create a corporation under the general law, and such pretended corporation sold some of the land, which sales were confirmed by the Legislature by an Act which we have quoted. However, Cobb does not claim under any purchaser from that illegal body.

The Act of 1871, incorporating Elizario, having been repealed, thereby dissolving and abolishing that corporation, Cobb cannot and does not claim under any act of that body which was formed by the inhabitants in 1893 under the general law for incorporation of towns and cities and included the land in controversy, but it was dissolved in 1897 without having sold the land. Up to this time Cobb has acquired no right.

In 1906, nine years after the abolition of the former corporations, some of the inhabitants of a portion of the territory of the grant organized a municipal corporation under the general law with limits of a mile by two miles, two square miles, which does not include the land in controversy. Cobb holds the title of that corporation, if it had any. How did it acquire the title, is a pertinent question. The present corporation must have been organized under chapter eleven of the Revised Civil Statutes (Batts', Vol. 1, p. 266). The incorporators must all have lived within the limits of the new town, because no one could vote who did not reside therein. (Art. 582, R. S.) Therefore, the inhabitants of San de Elizario, to whom the patent for the land was issued, who resided outside of the new corporation, had no voice in the formation of this corporation. Does it need to be asserted that the few could not appropriate the entire grant in this way. If the new corporation could appropriate this land it could by the same act likewise have appropriated all land within the original grant which had not been sold.

But the law under which the 1906 corporation was formed contains this provision:

"Art. 587. When the entry mentioned in the preceding article has been made the town shall be vested with all the rights incident to such corporations under this chapter, and shall have power to sue and be sued, plead and be impleaded, and to hold and dispose of real and personal property; provided, such real property is situated within the limits of the corporation."

The land being outside the limits of the present corporation that body could not own or sell it, therefore Cobb could derive no title from the last and existing body which had none. He finally rests his right upon a provision embraced in the Act of 1858, providing for incorporating towns, etc., which has been omitted from each compilation for 1879 and 1895. The argument is ingenious but not convincing. It would require more power than this court possesses to resurrect a law which has been dead and buried for more than thirty years.

We have followed appellee's exhaustive and ingenious presentation of his case carefully and diligently and we conclude that he acquired no title to the land by his purchase from the existing corporation of San de Elizario. It is, therefore, ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that judgment be entered that the appellee, Zack Lamar Cobb, take nothing by his suit, and the appellants go hence without day and recover all costs of appellee.

*Reversed and rendered for plaintiffs in error.*