Steve JACKSON, Appellant,

v.

S. M. GRIFFIN, Appellee.

No. 3472.

Court of Civil Appeals of Texas.

Waco.

April 18, 1957.

Rehearing Denied May 16, 1957.

T. B. Bartlett, Jr., Robert G. Carter, Marlin, for appellant.

Dodson & Reagan, Marlin, for appellee.

HALE, Justice.

This is a suit between a landlord and his tenant. Appellee brought the action against appellant for rents and advancements alleged to be due him and to recover possession of the rented premises. After setting forth in detail the facts showing his right to the relief thus sought, he added to his trial petition a count in trespass to try title covering the rented premises. The case was tried before a jury and resulted in judgment in favor of appellee for the amount of his debt, for foreclosure of his landlord's lien to secure $492.01 included in his debt, and for title and possession of 344.5 acres, the latter being subject to appellant's right to retain possession of the rented property under the rental agreement until January 1, 1957.

Appellant predicates his appeal upon two points of error as follows: (1) "The court erred in overruling Appellant's motion for a directed verdict because the plaintiff neither offered nor introduced any evidence to prove title to or right of possession in plaintiff of the 344½ acre tract of land which plaintiff sought to recover in his count in trespass to try title." (2) "The court erred in rendering judgment for plaintiff on plaintiff's count in trespass to try title when the plaintiff neither offered nor introduced any evidence proving that plaintiff was entitled to either title or possession of said tract of land." The counter point in the brief of appellee is as follows: "Since the evidence shows that Appellant was a tenant on the land of Appellee, it was not necessary for Appellee to offer any evidence of his prior title to said land as Appellant, as a tenant, is estopped from asserting any previously acquired title to said land."

We recognize the general rule, as stated by this court in Wright v. Dabbs, Tex.Civ.App., 220 S.W.2d 681, (er. ref. n. r. e.) that where one sues by formal action in trespass to try title for the recovery of real estate in the possession of another he must recover, if at all, upon the strength of his own title and not upon the weakness or lack of title of his adversary. Unless the plaintiff in such an action discharges the burden of proof resting upon him to make out a prima facie right of title and possession, he is not entitled to any recovery, even though the defendant also fails to show any right of title or possession with respect to the property in controversy. Wixom v. Bowers, Tex.Civ.App., 152 S.W. 2d 896, point 1, (er. ref. w. m.) and authorities; Jackson v. Cato, Tex.Civ.App., 156 S.W.2d 302, points 7, 8 and 9; Beken v. Hoffman, Tex.Civ.App., 196 S.W.2d 548, points 8 and 9, (er. ref. n. r. e.).

■ However, the law is equally well settled that a tenant in possession of rented property may not dispute the title of his landlord. As said in 27 Tex.Jur. 71, Sec. 20: "One who has acquired possession of land from another by means of a contract of renting will not be permitted to deny, dispute or contest the latter's right of possession or title. The tenant, as the rule is expressed, is estopped to dispute his landlord's title." See also Tyler v. Davis, 61 Tex. 674; Richardson v. Houston Oil Co., Tex.Civ.App., 176 S.W. 628 (er. ref.); Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410; Bankston v. Fagan, Tex. Civ.App., 64 S.W.2d 820.

■ Although appellee did not establish his record title by the introduction of any written muniment thereof, he did testify without dispute that he was the owner of the rented premises in controversy. Moreover, the evidence shows conclusively that appellant entered into possession of the premises as the tenant of appellee and there was no evidence that appellant ever at any time asserted any right, title or interest in or to any part of the rented property, except as a tenant of appellee. Therefore, we do not think appellant should be heard to complain on this appeal of the action of the court in awarding to appellee the title and possession of the premises here involved.

Furthermore, even though appellee had not alleged a formal action in trespass to try title in his trial petition, he would have been entitled, under the other allegations in his petition and under the undisputed evidence, to judgment awarding possession of the premises to him. The record before us shows without dispute, we think, that the title to the realty in controversy, as distinguished from the right to the possession thereof, was not intended to be placed in issue by the fictitious and conflicting plea of an action in trespass to try title, and that such issue was not in fact litigated or intended in good faith to be litigated in this suit. We see no valid reason, at law or in equity, why we should reverse the judgment appealed from and remand the cause for trial on an issue that appears to be of no meritorious concern or interest to appellant.

Therefore, both of appellant's points of error are overruled and the judgment of the court below is affirmed.