## JOHN O'NEAL AND WIFE v. THE CITY OF SHERMAN.

### No. 6362.

1.  **Land Condemned to Public Use.**—The rule that land taken by the public for a certain use can not be appropriated to another use, to the detriment of the owner, affords the only adequate protection of the citizen's constitutional right to be compensated for the condemnation or use of his property for the public benefit.

2.  **Grant to Public—Construction.**—A grantor conveying a right to a town or city can prescribe the terms of his grant. If the grant be received it will be limited in extent by its terms.

3.  **Same—Case in Judgment.**—Appellants conveyed the right, "for street purposes only," to the city of Sherman in a strip 50 feet in width through their lands. The city proceeded to sink artesian wells upon the tract; *held*, that the application of appellants for an injunction restraining the city from such use of the land should have been granted.

APPEAL from Grayson. Tried below before Hon. H. O. Head.

The facts are given in the opinion.

*Hare, Edmonson & Hare,* for appellants. — 1. The estate or interest taken by condemnation proceedings is only an easement and not the fee, unless the statute plainly contemplates and provides for the appropriation of the fee; and this is true even though the statute makes no provision for a deduction in the assessment of damages for the reversionary right. It is also a fundamental rule that all statutes in regard to eminent domain are to be given a very strict construction. Pierce on Rys., 157–159; Cool. on Const. Lim., 5 ed., p. 693; Dill. on Mun. Corp., 3 ed., sec. 603; Cool. on Const. Lim., 656.

2. Where the street is given to the public by dedication, as by filing for record a plat, the fee is in the public only when made so by the statute; and where the fee is in the former owner he may maintain an action for any improper use of such street. Dill. on Mun. Corp., 3 ed., secs. 654, 664, 663, and notes.

3. The owner of land, whether dedicated for use of highway or street, retains his exclusive right in the soil for every purpose of use or profit not inconsistent with the public easement, and may maintain appropriate actions for any encroachment upon it. Dill. on Mun. Corp., sec. 633, and notes.

4. The deed "for street purposes and that only" gives only an easement to the city and reserves to the grantor all minerals and everything else lying beneath the surface. Dill. on Mun. Corp., sec. 629; Dubuque v. Benson, 23 Ia., 248.

No brief on file for appellee.

HOBBY, JUDGE.—Appellants, who are husband and wife, sought to

enjoin the city of Sherman, incorporated under the general incorporation act, and W. C. Connor and others, who had contracted to furnish said city a system of water works, from boring a large number of wells upon a certain strip of land 50 feet wide and about 1000 feet long, which appellants had conveyed off their homestead to the said city a few days before "for street purposes and none other," the deed expressly stipulating that the same rights and no higher should pass to the city than would have been acquired had the city procured the condemnation of said strip for street purposes alone, the consideration paid being $550. Appellants alleged in their petition that believing that the city of Sherman had no use for this property as a street, and that the city council desired it only for the purpose of turning the same over to the water works contractors, they had refused to deed the same to the city except upon payment of a large sum, amounting to ———— thousand dollars. That subsequently they were informed by the mayor of said city, and by at least one of the aldermen thereof, that as a matter of fact it was untrue that the said city had bound itself to permit the contractors to sink wells upon the said strip, and believing such representations to be true, the deed was executed upon receipt of the said sum of $550. That said deed would not have been executed had complainants known what has since been ascertained to be true, that the city's only object for acquiring the said land was to deliver the same to the water works contractors to be used for water purposes as contradistinguished from street purposes.

That if as a matter of law the execution of said deed has conferred upon the city the right to use said land for water purposes, they prayed that said deed be cancelled or reformed, because they charge that they were induced to execute the said deed by the fraudulent representations of the city's officers; that the said city had not agreed with or promised to give the water works contractor permission to sink wells upon said lands, when as a matter of fact it had been fully understood all the while between the said contractor and the mayor and city council of said city that such right would be guaranteed to said contractors so soon as the city should acquire an interest in said lands by condemnation or otherwise. That they were led by the fraudulent representations and the concealment of their true intentions on the part of said officers to believe that the said officers had made no promise to the said contractor and would attempt to confer no rights upon him, but would leave all future controversy over the right to use said lands for the purpose of sinking wells thereon to be settled by complainants and the contractor, without any interference on the part of the city.

That immediately after the execution of said deed the water works contractors, with the full knowledge, approval, and consent of the city, began to sink a large number of wells upon the said strip of land, and are making preparations to attach to said wells the powerful water works machinery, which will exhaust not only the water underlying said strip but the water

underlying complainants' adjacent lands.   That complainants' home place is valuable to them and was acquired chiefly on account of the fine water supply underlying the same, which said water supply has yielded them for many years an annual income varying from $500 to at least $2000.

There was a prayer for injunction.   The petition was filed March 18, 1887, and on the 23d of March, 1887, the injunction was refused in chambers, the cause standing over for trial.

On December 16, 1887, general demurrers were filed by the several defendants.   On the same day said demurrers were sustained by the court, and plaintiffs having declined to amend, their suit was dismissed, to which ruling they excepted, and in open court gave notice of appeal to the Supreme Court.

The only error assigned is the action of the court in sustaining the general demurrer to the petition and in dismissing the suit, because the petition set up a good cause of action.   Under this assignment it is urged that " the estate or interest taken by condemnation proceedings is only an easement and not the fee, unless the statute plainly contemplates and provides for the appropriation of the fee; and this is true even though the statute makes no provision for a deduction in the assessment of damages for the reversionary right.   It is also a fundamental rule that all statutes in regard to eminent domain are to be given a very strict construction.

"Where the street is given to the public by dedication, as by filing for record a plat, the fee is in the public only when made so by statute; and where it is in the former owner he may maintain an action for any improper use of such street.

"The owner of land dedicated retains his exclusive right in the soil for every purpose of use or profit not inconsistent with the public easement and may maintain appropriate actions for any encroachments upon it."

In cases where land is condemned for a special purpose on the score of public utility, the sequestration of the land is limited to that particular use.   The reason is that as the property itself is not taken but the use only seized, the right of the public is confined to that use, of which alone the owner has been divested.   Imlay v. Railway, 26 Conn., 255.

This principle is recognized in State v. Lovenack, 34 New Jersey, 201; Railway v. Shermier, 7 Wallace, 272.   So too where the use to which the dedicated property is put is wholly different from the original purpose, a new assessment was required to give validity to the appropriation; and where lands appropriated by a railroad company for its purpose and afterwards were leased for private occupation, it was held that the owner of the fee was entitled to recover damages.   Locks v. Railway, 104 Mass., 1.

The rule that land taken by the public for a certain use can not be appropriated to another use to the detriment of the owner affords the only adequate protection of the citizen's constitutional right to be compensated for the condemnation or use of his property for the public benefit.

In the case under consideration it would seem to be unnecessary to discuss the rights of the parties, where the acquisition of the land was by the exercise of the right of eminent domain. As the rights of the appellee arise out of and are derived from a grant or conveyance by the appellants, their rights therefore should be tested by the terms of that instrument, in so far as they are disclosed by the petition.

The right of the plaintiffs (appellants) to prescribe the conditions and qualifications of a grant of property to a municipal corporation is unquestioned, and is recognized by its acceptance of the grant.

The city no doubt possessed the authority under the deed to sink wells and obtain water for the supply of its fire department in suppressing conflagrations, and also for sanitary or any legitimate purposes incident to the use for which the land was conveyed.

It plainly appears from the petition that the land was conveyed for "street purposes only," and it was stipulated that the same and no higher rights should pass to the city than could have been acquired by that city in the condemnation of the land for "street purposes only." This limitation is without ambiguity, and the legal effect of its acquisition in this mode for street purposes we have seen. The legal effect of its acquisition by grant for street purposes is well settled. In Dubuque v. Benson, 23 Iowa, 250, it was held by Judge Dillon that the effect of a conveyance (similar to that in this case) to the city of Dubuque was to give the right or easement of passage in the streets; the right to use and work them as public ways, and the like; but reserved all other rights—in the case cited the right to take minerals therefrom.

We do not think that the deed in this case dedicating the land to the city for "street purposes only" authorized the use to which the petition alleges it was appropriated by the city.

The remaining proposition, that the deed having been procured by false and fraudulent representations, it should therefore be reformed or canceled, we do not think it necessary to consider, in view of the disposition made of the preceding propositions.

We think the court erred in sustaining the demurrer and in dismissing the suit, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 6, 1890.