## RILEY v. DAVIDSON.

### No. 11782.

Court of Civil Appeals of Texas. Galveston.

July 25, 1946.

Appellant's and Appellee's Rehearing

Denied Oct. 3, 1946.

John C. Henderson and Cleveland Davis, both of Angleton, for appellant.

Richard J. Higgins and W. David Evans, both of Angleton (Robt. M. Lyles, of Angleton, of counsel), for appellee.

CODY, Justice.

This suit was brought by appellee against appellant to recover damages for the cut-

ting and removing of a pipe line which had been laid by appellee in a country road in Brazoria County, and for an injunction to restrain appellant from cutting and removing appellee's pipe line in the future. Appellant answered by general denial, and brought a cross-action for a mandatory injunction to require appellee to remove his pipe line from said road.

In a trial before the court judgment was rendered in favor of appellee in the main action and against appellant in the cross-action, from which judgment this appeal is prosecuted.

There is little if any conflict in the evidence, and a portion of the facts are stipulated. The evidence showed: that appellant was the owner of a 63-acre tract in Brazoria County, and in June, 1942, subdivided a portion of the tract, the plat of which was approved by the Commissioners' Court and ordered recorded. Upon the face of the plat were the following words, which were signed by appellant: "I, G. H. Riley, sole owner of the land which is shown on the attached map and subdivision as the Riley Oyster Creek Subdivision No. 1, out of the J. E. Groce Survey, Abstract No. 66, in Brazoria County, Texas, do hereby adopt said plat and subdivision, and dedicate the roads shown thereon to the public."

That about December 1, 1945, appellee laid beneath the surface of the road so dedicated to the public an 1½ inch pipe to supply water to two lot owners who had purchased their lots from appellant, and it was shown the appellee was willing to supply water for general domestic purposes to whosoever would pay therefor. That about January 8, 1946, appellant who had theretofore made written demand on appellee to remove the aforesaid pipe line from the road in question, cut and removed a portion thereof, thereby rendering the pipe line ineffective. That the appellant owned the land abutting on both sides of the road at the point at which the pipe line was cut and removed. That appellee repaired the pipe line, and appellant again cut it and removed a portion thereof, whereupon this suit was instituted by appellees aforesaid.

It was stipulated that appellee was and is maintaining and operating the water line as an individual, and that he has no authority or permission from the State, or from any administrative subdivision of the State to operate the water line for the purpose of furnishing drinking water for hire.

Appellant predicates his appeal upon four formal points, but in substance the points relied on by him boil down to two, as follows:

I. That the court erred in restraining appellant from cutting the water line, and removing the pipe, as the water line was admittedly being operated by appellee in violation of the health laws of the State (Art. 4477-1, sections 11 and 12) in that it was constructed without first having obtained the approval of the Health Department, etc., and that this is true because (1) equity will not grant an injunction which would aid the performance of an unlawful act; and (2) that appellee, as a law violator, does not come into court with clean hands.

II. That the court erred in restraining appellant from removing the pipe from the road because the dedication of the road in question to the public did not vest in the public the right to use the road for transportation of water by laying pipes therein. So (1) the action of appellee in making the use of the road complained of was a continuing trespass by appellee and the appropriation by him of appellant's land; and (2) such use of appellant's land without his consent was a taking of his private property for public use without his consent and without adequate compensation.

We sustain, at least in part, appellant's first point. We have concluded that the court erred in the judgment in so far as it decreed that appellant is permanently enjoined from removing, cutting, etc., any pipe line belonging to appellee on or under the road right of way as dedicated to the public.

Art. 4477—1 was enacted in 1945. Section 11(a) provides that "No district * * * or individual shall furnish to the public any drinking water for which any charge is made, unless the production, processing, treatment, and distribution is

at all times under the supervision of a competent water works operator holding a valid certificate of competency issued under the direction of the Texas State Department of Health."

Section 12(a) of the same article provides that "Every person * * * contemplating the establishment of any drinking water supply * * * for public use shall, previous to construction thereof, submit completed plans and specifications therefor to the State Department of Health and the said Department shall approve same; provided said plans conform to the water safety and stream pollution laws of this state. The said water supply * * * shall be established only after approval has been given by the State Department of Health."

The appellee's act in establishing the water supply here in question was illegal, though apparently without any intention to violate any law, and seemingly in ignorance that there was any health law with requirements necessary to be complied with by him. The rule here applicable is thus stated in 43 C.J.S., Injunctions, § 33, p. 467: "A court of equity will not grant an injunction, the effect of which would be in aid of an act which, if done, would be criminal or illegal, and, when the violation of property rights is raised in an effort to circumvent laws designed to protect the public interest, injunctive relief will not be granted to aid the attempt." The rule was applied in the case of City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W.2d 695, 702. There a theatre owner sought to enjoin the city from enforcing a void ordinance prohibiting the conducting of a lottery on "bank night". It was held that one must come into court not only with a legal right to be protected, but also with "clean hands". That "one whose business violates the public policy of the state * * * having no legal right to be protected and not coming into court with 'clean hands' because his activities violate the public policy of the state, cannot be given relief in a court of equity."

An action at law is sufficient to protect mere legal property rights of one who uses his property in violation of law. And we know of no reason why, in a proper case, the law would not award penal damages, for the wanton and wilful destruction of property. But a court of equity when it grants an injunction thereby grants extraordinary relief, relief beyond the power of a court of law to grant. And unless a litigant comes into a court of equity with "clean hands" speaking in the phraseology of courts of equity, it will leave him to pursue his remedy at law by way of damages.

We overrule appellant's second point, which we have re-cast for brevity. —The acceptance of the dedication of the road did not operate to pass the fee in the land to the public, but operated only to pass an easement therein. 14 Tex.Jur., pp. 722, 723. Appellant, as the owner of the fee, retained all the rights therein not necessary for the enjoyment of the easement by the public. 14 Tex.Jur. 734. The dedication, which is quoted above, does not specifically mention that the public is given the use of the road to transport water in the dedicated road, and the right to install pipes therein for the purpose of so doing. No one would now question that the dedication of a street in a city was broad enough to include the right of the public to have water transported by pipes placed beneath the surface of the street even though there was not such specific mention. "This easement to travel has been interpreted in a broad sense. It comprises the installation of water and gas pipes * * * as well as the average methods of transportation and passage included in the general terms." In re Opinion of the Justices, 297 Mass. 559, 8 N.E.2d 179, 181. See also Jones v. Carter, 45 Tex. Civ.App. 450, 101 S.W. 514.

In 8 R.C.L. 908, 909, it is said, "All public dedications must be construed with reference to the use for which they are made, and whether or not a particular use amounts to a diversion from that for which the dedication was made, depends on the circumstances of the dedication, and the intention of the parties making it, and it is therefore largely a question of fact." The judge below presumably found as a fact that the use of the road to transport water

through pipes beneath the surface was not a diversion from that for which the dedication was made. In the absence of findings of fact we must sustain such presumed finding if there is sufficient support of such presumed finding in the evidence.

The plat of the subdivision shows that the lots are comparable in certain respects to city lots. They are comparable in size and density of location to their urban counterparts. They all, with one exception, appear to have a frontage of approximately 100 feet on the road in question, and few of them have a depth of more than 175 feet, and none, we believe, has a depth of as much as 180 feet. They are certainly not comparable in size to farms or ranches, where residences are so far apart as to make impractical the supplying of water to them from a common source by piping it. Indeed there was evidence here from which it could be inferred that appellant had the foresight to realize that the purchasers of his lots would need to have their water supplied to them by pipes, and also had the enterprise to install a system of water supply by means of which water could be so supplied.

The promoter of a subdivision owns the fee in the highway only so long as he owns the lots abutting thereon. The purchaser of a lot abutting on a street or road acquired the fee to the center of the road subject to the easement. And a promoter of a subdivision may not expressly reserve to himself the exclusive right to lay and maintain water pipes in the roads dedicated by him, as that would be monopolistic. Jones v. Carter, supra. There would seem to be no more reason, therefore, to hold here that the dedication of the road in question did not include the easement to transport water therein by the means of pipes, than it would to hold that the dedication of a street in a city did not include such easement or use. In any case we are unable to hold that such presumed finding is not sufficiently supported by the circumstances.

Appellant cites this language used in Clutter v. Davis, 25 Tex.Civ.App. 532, 62 S.W. 1107, 1108, as being contrary: "So the laying of water pipes in a country highway for the purpose of conducting water to a town is an additional burden for which the owner of the fee is entitled to additional compensation." It is at once apparent from the language "for the purpose of conducting water to a town", that the transportation of water there referred to had no relation to benefiting the rural abutting landowner. Whereas here it is inferable that the owner of the lots in the subdivision may be dependent for his water supply by transportation thereof through pipes in the road.

Since we sustain the presumed finding of the court that the use complained of by appellant did not amount to a diversion from that for which the dedication was made, it follows that we must overrule appellant's second point.

But having sustained the first point, we reverse the judgment in so far as it decreed the permanent injunction. Appellant has not complained of the judgment apart from the injunction, so the judgment for damages is affirmed without discussion.

Judgment affirmed in part and in part reversed and rendered.