### BLANKENBURG et al. v. HUMBLE OIL & REFINING CO.

No. 4730.

Court of Civil Appeals of Texas. El Paso.

April 19, 1950.

Rehearing Denied May 24, 1950.

Neil E. Beaton, San Antonio, Raymond Furr, Austin, for appellants.

A. N. Steinle and Leon Steinle, Jourdanton, Nelson Jones, W. J. Merrill, Houston, Rex G. Baker, Houston, of counsel, for appellee.

PRICE, Chief Justice.

Humble Oil & Refining Company, hereinafter referred to as "Humble", and E. R. Wyatt, hereinafter referred to as "Wyatt", as coplaintiffs sued Otis Blankenburg, Cleo F. Blankenburg, J. S. Atkins, Virgil Milligan, David Kane and the City of Charlotte, Texas, as defendants. Plaintiffs asserted that they were the owners in fee simple subject only to an easement in the

public for street, alley or park purposes of the following described tract of land, to-wit: "All parks, plazas, streets and alleys in the City of Charlotte, Atascosa County, Texas, according to the map or plat of said city of Charlotte on file in the office of the county Clerk of Atascosa County, Texas, reference to which is made for a more accurate description." That on or about the 15th day of January, 1949, the defendants unlawfully entered upon and dispossessed plaintiffs of such premises and are withholding same from the possession of plaintiff; further that on or about the 15th day of July 1911, by plat and dedication recorded in Vol. 34, page 16 of the Plat Records of Atascosa County, Texas, the Charlotte Townsite Company dedicated to the public the above described property; that purporting to act under and by virtue of said dedication the city of Charlotte purported to execute an oil and gas lease to the defendant J. S. Atkins. Atkins purported to assign various interests in said oil and gas lease to the other defendants; said oil and gas lease is alleged to be void for the reason at the time of said lease the City of Charlotte did not have and does not now have title to the minerals in or under any of the aforesaid property; the lease was executed in violation of Article 1267, R.C.S.; the lease is further void and invalid for the reason that prior to and at the time of execution the City of Charlotte failed to comply with the provisions of Art. 5400a, Vernon's Ann.Civ.St. Plaintiffs sought title and possession of the property in question under this count. Alternatively, the said joint plaintiffs set up that in the event it be held by the court that they do not own the fee simple title, that as owners of the property in the city limits of the City of Charlotte, which property had been duly rendered for taxes and upon which they have paid taxes; they set up the invalidity of the said lease and sought an injunction against the defendants preventing them from drilling for oil or gas thereunder. Defendants Otis and Cleo F. Blankenburg answered by numerous exceptions and a plea of not guilty, and plead the Statute of Limitations. Defendant Atkins answered by a plea of not guilty. The City of Charlotte plead not guilty.

The trial was to the court with a jury, the case submitted upon one special issue, which was as follows: "Do you find from a preponderance of the evidence that J. E. Franklin died intestate?" The jury answered same in the affirmative.

In substance the decretal part of the judgment was as follows: "The oil and gas lease executed by the City of Charlotte to J. S. Atkins on July 9, 1948, and the subsequent assignments and transfers thereof by and between the other defendants herein were void and defendants and each of them are permanently enjoined from commencing or conducting any drilling or mining operation for oil, gas, or any other minerals upon any part of the parks or plazas in the City of Charlotte."

It was further decreed that Humble recover of defendants the title to and possession of the following described property: "The original dedicator's reversionary interest, which reversionary interest is the fee simple, subject to an easement in the public to use the property for park, plaza, street and alley purposes in and to all of the parks and plazas and the one-half of the streets and/or alleys which are adjacent to or abut on said parks and/or plazas in the City of Charlotte, Atascosa County, Texas, as same are shown by that plat of said city recorded in Volume 34, page 12 of the Plat Records of Atascosa County, Texas."

The costs were decreed one-half against Humble and the other half against defendants Otis Blankenburg and David Kane. The judgment further recites: "No finding is made or judgment entered as to any other relief prayed for by any of the parties."

The judgment recites that before the entry thereof it was called to the court's attention that a contract of settlement by and between the plaintiff Humble Oil & Refining Company and defendant City of Charlotte had been entered into and filed among the papers of the cause, by which agreement it was stipulated among other things that plaintiff Humble Oil & Refin-

ing Company should recover title from and against the City of Charlotte to the original dedicatory and reversionary interest, which reversionary interest is the fee simple, subject to an easement in the public to the use of the property for parks, plazas, streets and alley purposes in and to all parks and plazas and one-half of the streets and/or alleys which are adjacent to or abutting on said parks and/or plazas in said city as same are shown in that plat on file in Volume 34, page 12 of the Plat Records of Atascosa County, Texas; that Humble should forego its right to appeal and should execute to the city royalty deed to a 1/8 royalty in and to the minerals under a portion of the land in controversy, and it appearing to the Court after hearing thereon that such agreement was entered into by virtue of a newly passed ordinance of said city, by said city's regularly elected Mayor and City Council, and a certified copy of which is on file in the papers of the cause and further that the agreement is a fair and equitable settlement of the matters in controversy; and it further appearing to the court that such agreement does not prejudice the rights of the other plaintiffs and the other defendants, the said agreement is in all things approved. It is further recited that as a result of the lease of Atkins being void, the only parties who have a right to title or interest in or to the land in controversy are the plaintiff, Humble Oil & Refining Company, and the defendant City of Charlotte; that by virtue of their agreement title to the original dedicator's reversionary interest fee simple subject to easement to the public of the property for public street and alley purposes should be vested in the Humble Oil & Refining Company. It is recited that this finding is made without prejudice to any rights of the defendants other than the City of Charlotte as a final determination of this cause on appeal.

■ It seems too elementary to require notice that the agreed judgment between Humble and the city of Charlotte can in no way have a bearing or influence as to the judgment entered against the other defendants. This agreement was not made until after the trial of the case had been completed. As against the appealing defendants Humble could not rely upon a right or title acquired after the trial as to them had been completed. It is no doubt true that in another and subsequent action Humble might rely upon this subsequently acquired title, but not in this action. Any agreement between Humble and the city of Charlotte is entitled to no weight in the determination of the decretal portions of the judgment against the other defendants. State v. Regan County Purchasing Company, Tex.Civ.App., 186 S.W.2d 128 (Wr. Ref. W. M.). In entering same on the agreement the judge acted ministerially.

■ Humble's recovery of title to the property in controversy can only be justified on the strength of its title and not upon the defects of the title of defendants. Hughes v. Lane, 6 Tex. 289; Reese v. Cobb, 105 Tex. 399, 150 S.W. 887; Baumgarten v. Trost, 143 Tex. 532, 186 S.W.2d 982, 159 A.L.R. 428. The facts in this case are largely undisputed. It was stipulated between the parties that Charlotte Townsite Company, a corporation, was the common source of the title to the property in controversy. A dedication by plat was made by said Townsite company in the year 1911. In 1912 the records of the office of the Secretary of State reveal that the name of the Charlotte Townsite Company was changed to the Franklin Development Company. At that time it is shown by the records in the Secretary of State's office that J. E. Franklin was the owner of 180 shares of stock in the Franklin Development Company. Produced at the trial was an unendorsed certificate that said Franklin was the owner of 180 shares of stock. In 1913 the right of the Franklin Development Company to do business was forfeited for failure to pay franchise taxes. From and after such date to the time of this trial the Franklin Development Company has not functioned or done any business. J. E. Franklin died in 1947 and left surviving him four children. These four children conveyed all their interest in the Franklin Development Company and its properties to E. R. Wyatt in 1948, and

E. R. Wyatt in turn conveyed same to appellee Humble in 1948.

The records of the Secretary of State indicate that the Charlotte Townsite Company had a capital stock of $18,000.00 divided into 1800 shares of the par value of $10.00 each. In the statement of facts there is a certified copy of the minutes of a called stockholders meeting of the Charlotte Townsite Company, where it was voted to change the name of that company to the Franklin Development Company. The minutes recite that J. E. Franklin participated therein and was the holder of 180 shares of the 1800 shares participating. These minutes were signed and acknowledged by Mr. Franklin and four others. Humble produced a certificate of 180 shares in the Franklin Development Company in the name of J. E. Franklin. The evidence failed to show the owners of the other 1620 outstanding shares. It is a fair inference from the evidence that the Franklin Development Company never functioned after the forfeiture of its right to do business.

This forfeiture did not dissolve the corporate existence and its liability for the franchise tax continued. Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798. In any event its franchise tax for the year prior to the forfeiture apparently continues as an obligation of this company. The assets of a corporation are a trust fund for the payment of its debts. Rights of the stockholders are at all times subordinate to this trust. Such stockholder has no interest in the property of the corporation until its debts are paid except perhaps the right to have the assets of the corporation devoted to the payment of its debts.

If the town of Charlotte had title to the oil and gas underlying the streets, alleys, parks and plazas the judgment should have been as to the title that plaintiffs take nothing. Humble can not rely on a title acquired subsequent to the trial —this regardless of whether the oil lease given by the defendant city was void or otherwise. Humble showed no title to this property. If title there was in the city as to Humble it was an outstanding title, and as to defendants other than the city would entitle them to a judgment against Humble. The above is thought to be elementary. There was in our opinion no title shown in the city. The dedication plat did not divest the Charlotte Townsite Company of its title in fee, such dedication vested in the town of Charlotte an easement as to the property shown to be dedicated, that is, the streets, parks, alleys, etc. Odneal v. City of Sherman, 77 Tex. 182, 14 S.W. 31; Riley v. Davidson, Tex.Civ.App., 196 S.W.2d 557 (Wr. Ref.). It may be that conveyance of lots bordering on the streets would vest in the grantee a fee title to the center line of the street. In such case the conveyance and not the dedication would vest the title.

If the town of Charlotte had not the fee in the property the other defendants acquired no rights as to the minerals by virtue of the lease. If our conclusion be correct that all the city had was an easement, this renders it unnecessary to discuss Art. 5400a in relation to the lease of defendants from the city. The Statute seems to have been the basis upon which the trial court declared same void.

In the judgment the following finding appears: "(1) That the lease from the City of Charlotte to J. S. Atkins is void, because of a failure of said City of Charlotte to comply with the provisions of Article 5400-a, Revised Civil Statutes of Texas, and that for the same reason the subsequent assignments of said lease by and between J. S. Atkins, Otis Blankenburg, Cleo F. Blankenburg, and David Kane were void; and the plaintiffs being taxpayers within the said city of Charlotte, and in such capacity, and for such reason are entitled to maintain their action for injunction to restrain the drilling operations upon any of the parks, plazas, streets or alleys in said city."

The decree grants an injunction against all defendants forbidding them and each of them from conducting drilling operations for oil and gas or other minerals in the streets, alleys or parks of the city of Charlotte. In our opinion, as taxpayers

owning fee title to the property in the limits of the city, appellee plaintiffs are entitled to the injunction granted. El Paso Union Pass. Depot Co. v. Look, Tex.Civ. App., 201 S.W. 714, affirmed Tex.Com. App., 228 S.W. 917; Culver v. Miears, Tex.Civ.App., 220 S.W.2d 200, (Civ.App. Wr.Ref.).

It is true that the injunction may result in the draining of some of the oil from the land to which the dedicators or their successors in interest have a reversionary interest subject to the easement of the city. Oil is migratory and the chief protection against drainage is by the drilling of offset wells. 31-A Tex.Jur. 32, par. 9.

It is ordered that the judgment of the trial court awarding title to Humble be in all things reversed and judgment is here rendered that said plaintiffs take nothing as against the defendants as to the title and possession of the property involved.

It is further ordered that that portion of the judgment of the trial court awarding an injunction against the defendants be and the same is in all things affirmed.