HUMBLE OIL & REFINING COMPANY V. OTIS
BLANKENBURG ET AL.

No. A-2783. Decided January 10, 1951.
(235 S. W., 2d Series, 891.)

*A. N. Steinle, Leon Steinle,* of Jourdanton, *Nelson Jones, W. J. Merrill,* and *Rex G. Baker,* all of Houston, for petitioners.

The Court of Civil Appeals erred in holding that an owner of stock in a corporation which has forfeited its right to sue or defend suits cannot protect the corporate property against third party trespassers and strangers to the title. Pratt-Hewit Oil Corporation v. Hewit, 122 Texas 38, 52 S. W. 2d 64; Federal Crude Oil Co., Yount-Lee Oil Co., 122 Texas 21, 52 S. W. 2d 56; Steddum Kirby Lbr. Co., 110 Texas 513, 221 S. W. 920.

*Neil E. Beaton,* of San Antonio, and *Raymond Furr,* of Austin, for respondents.

The Court of Civil Appeals was correct in holding that the Humble company failed to establish title, in that it did not sue as a stockholder to protect the rights of stockholders, but for the purpose of appropriating the corporation's property to itself. Ross Amigos Oil Co. v. State, 134 Texas 626, 138 S. W. 2d 798; Reese v. Cobb, 105 Texas 399, 150 S. W. 887; Favorite Oil Co. v. Jef Chaison Townsite Co. 162 S. W. 423.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The district court rendered judgment in favor of petitioner, Humble Oil & Refining Company, against the City of Charlotte, Texas, and respondents Otis Blankenburg, Cleo F. Blankenburg, David Kane and J. S. Atkins for the title and possession of all of the parks and plazas and the one half of the streets and alleys which are adjacent to or abut on the parks and plazas in the City of Charlotte, subject to an easement in the public to use the property for park, plaza, street and alley purposes. The judgment enjoined those who were parties defendant in the trial court from commencing or conducting any drilling or min-

ing operations on any of the parks, plazas, streets and alleys under or by virtue of a certain oil and gas lease from the City of Charlotte to J. S. Atkins. On appeal by all of the defendants except the City of Charlotte the Court of Civil Appeals reversed in part the trial court's judgment and rendered judgment that petitioner Humble Oil & Refining Company take nothing by its suit for title and possession, but affirmed that part of the trial court's judgment which enjoined the defendants. 233 S. W. 2d 180.

The case was tried before a jury, which in answer to the one issue submitted to it found that J. E. Franklin, through whom petitioner claims title, died intestate. The trial court's judgment recites that after the trial was completed and before the rendition of judgment Humble Oil & Refining Company and the City of Charlotte, by a contract of settlement, agreed that judgment should be rendered in favor of the Humble Company and against the City for title to the property for which it sued, subject to an easement in the public. The Court of Civil Appeals correctly held that the agreement in no way affected the judgment rendered against the defendants who were not parties to the agreement and that it did not affect their right to prosecute an appeal from the judgment against them. We consider first the question of title in the suit of petitioner, the Humble Company, against respondents, those who appealed from the trial court's judgment.

The parties stipulated that the Charlotte Townsite Company is the common source of title. That Company was incorporated in 1910 with a capital stock of $18,000.00, divided into 1800 shares of the par value of $10.00 each, and with its principal place of business in the Town of Charlotte, in Atascosa County. In July, 1911, the Townsite Company made and filed a map of the Town of Charlotte showing lots, blocks, streets, alleys, plazas and parks. On the map was written and executed a dedication reciting that the Townsite Company "does hereby set apart and dedicate to the use and benefit of the public forever the plazas, parks, streets and alley as shown in said plat". The Townsite Company, on December 24, 1924, conveyed to J. E. Franklin nearly 1500 lots in the town. On the same day an amendment to the charter was executed by all of the stockholders, including J. E. Franklin, by which the name of the corporation was changed to Franklin Development Company. This instrument shows J. E. Franklin to be the owner of 180 shares of the capital stock of the company. Petitioner introduced in evidence an original certificate of stock in the Franklin

Development Company, dated December 26, 1912, certifying that J. E. Franklin is the owner of 180 shares of the capital stock of the corporation. The record shows the names of those to whom were issued the shares of stock of the Franklin Development Company other than the 180 shares that were issued to J. E. Franklin, but the ownership of those other shares at the time this suit was filed and tried was not proved. Petitioner, the Humble Company, introduced on the trial certificates for 1430 shares of the stock of the Franklin Company that were issued to others than J. E. Franklin. The certificates were endorsed in blank by those to whom they were issued.

On July 2, 1913, the right of Franklin Development Company to do business in this state was forfeited by the Secretary of State for its failure to pay its franchise tax, and the record made in the trial court indicates that the company did not thereafter undertake to engage in business.

J. E. Franklin died in 1946 or 1947. The jury found that he died intestate. Franklin left four children by his first wife as his only heirs. These heirs of Franklin, in August, 1948, executed deeds conveying to E. R. Wyatt all of their undivided interests in the land embraced in the Charlotte Townsite and also conveying, assigning and transferring all of their titles and interests in all of the capital stock and assets of the Townsite Company and of the Franklin Development Company "which appears of record in the name of J. E. Franklin". During the same month the same property was conveyed and transferred by Wyatt to petitioner, Humble Oil & Refining Company.

Petitioner offered in evidence, pursuant to its pleading attacking their validity, an oil and gas lease executed by the City of Charlotte to respondent J. S. Atkins, and assignments from and under Atkins to the other respondents of interests in the lease. The oil and gas lease, executed July 9, 1948, is for a primary term of 10 years, recites a consideration of $200.00 paid, and covers all parks, plazas, streets and alleys in the city as shown by the plat of the Townsite of Charlotte.

■ As held by the Court of Civil Appeals, the dedication by the Charlotte Townsite Company of the plazas, parks, streets and alleys shown on the plate of the Town of Charlotte to the use and benefit of the public did not convey the Townsite Company's title. It created an easement, the fee remaining in the Townsite Company subject to the easement. O'Neal v. City of Sherman, 77 Texas 182, 14 S. W. 31; Watts v. City of Houston,

196 S. W. 2d 553, application for writ of error refused; Riley v. Davidson, 196 S. W. 2d 557; 16 Am. Jur. pp. 402-403, Sec. 56; 39 Am. Jur. pp. 809-810, Sec. 12.

■ The Court of Civil Appeals either held that petitioner, the Humble Company, proved its ownership of shares of stock of the Franklin Development Company or assumed that it is an owner of shares of stock of that corporation. Its decision that petitioner failed to prove any title or interest in the assets of the company rests upon its conclusion that a stockholder has no title or interest in the assets of the corporation until its debts have been paid. With that conclusion we do not agree. When a corporation is dissolved its property becomes the property of its stockholders in proportion to their respective shares, subject, however, to the rights of the creditors of the corporation whose debts must be satisfied out of the corporation property. Peurifoy v. Wiebusch, 132 Texas 36, 41, 117 S. W. 2d 773, and authorities there cited. The title rests in the stockholders, subject to the payment of the debts owed by the corporation.

■ When, as here, the Secretary of State, acting under Article 7091 of the Revised Civil Statutes, has entered on the record in his office the forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been cancelled nor has the corporation been dissolved. Ross Amigos Oil Co. v. State, 134 Texas 626, 138 S. W. 2d 798; State v. Dyer, 145 Texas 586, 200 S. W. 2d 813. The effect of such a forfeiture is to prohibit the corporation from doing business in the state and to deny to it the right to sue or defend in any court of the state except in a suit to forfeit its charter. The legal title to the assets remains in the corporation, but the beneficial title to the assets of the corporation is in the stockholders. This being true, and since the right to sue has been denied to the corporation by the forfeiture under Article 7091, the stockholders as beneficial owners of the assets of the corporation may prosecute or defend such actions in the courts as may be necessary to protect their property rights. Pratt-Hewit Oil Corporation v. Hewit, 122 Texas 38, 52 S. W. 2d 64; Federal Crude Oil Company v. Yount-Lee Oil Company, 122 Texas 21, 52 S. W. 2d 56; Favorite Oil Company v. Jef Chaison Townsite Co., 162 S. W. 423; Canadian Country Club v. Johnson, 176 S. W. 835, application for writ of error refused; Arkansas Pass Harbor Company v. Manning, 94 Texas 558, 563, 63 S. W. 627; Hildebrand's Texas Corporations, Vol. 3, p. 146, Sec. 761, p. 192, Sec. 767.

■■ By the records of the Franklin Development Company and a certificate of stock in evidence, J. E. Franklin is shown to have become the owner of 180 shares of the stock of that corporation. When he died intestate the title to the shares of stock that he owned passed to his four children as his heirs. They assigned and transferred to Wyatt all of the stock in that company that had been owned by Franklin, and Wyatt assigned and transferred that stock to petitioner, the Humble Company. There is no proof that these transfers were entered on the records of the corporation. As between the parties to them, however, the written assignments were sufficient, without entry on the books of the corporation, to pass title to the stock. Strange v. Houston & T. C. R. R. Co., 53 Texas 162; Hildebrand's Texas Corporations, Vol. 2, p. 159, Sec. 359. Thus it appears from the record before us that petitioner, the Humble Company, became the owner of 180 shares of the stock of the Franklin Development Company. But looking at the evidence most favorably to respondents, it may be that petitioner failed to prove conclusively its ownership of more than 90 shares of stock. The 180 shares presumptively became the community property of J. E. Franklin and his first wife. While there is no evidence bearing upon the question whether she died intestate, it is possible that she left a will bequeathing her one-half interest in the stock to someone other than her husband and her children. Even if that occurred, J. E. Franklin was the owner of one-half of the 180 shares of stock, that is, 90 shares, and it passed to his heirs on his death and through them to petitioner. As the owner of 90 shares of the stock petitioner is the beneficial owner of its proportionate part of the corporation's assets and thus is the beneficial owner of an undivided interest in the property for which it sues. It is our opinion that petitioner as plaintiff met the burden which the law imposes upon the plaintiff in a suit for title and possession of proving title in himself. Reese v. Cobb, 105 Texas 399, 150 S. W. 887; Baumgarten v. Frost, 143 Texas 533, 542, 186 S. W. 2d 982, 159 A. L. R. 428.

■ No points can be found in respondents' brief complaining that the evidence is insufficient to support the jury's finding that J. E. Franklin died intestate. In the argument under the point that petitioner failed to prove its title the statement is made that there is no evidence in the record from which the jury could affirmatively find that Franklin died intestate. Examination of the statement of facts convinces us that there is some evidence to support the finding. It consists of the following: There is testimony that J. E. Franklin was the president

and principal owner of the stock of Franklin Development Company, the corporation first named Charlotte Townsite Company, which platted the town of Charlotte and dedicated its plazas, parks, streets and alleys to the public. Nearly 1500 lots in the Town of Charlotte were conveyed by the Townsite Company to J. E. Franklin in December, 1912. Franklin resided in San Antonio for about a year, where the Charlotte Townsite Company, afterwards Franklin Development Company, maintained an office during the time it was active, and he returned to St. Louis after the company ceased to do business. Franklin died in 1946 or 1947, and his children, in August 1948, conveyed and assigned to E. R. Wyatt all of their interests in the land covered by the Charlotte Townsite and all of the title and interest in the capital stock and assets of Franklin Development Company which appeared of record in the name of J. E. Franklin. The deed from three of the children was executed in Seattle, Washington, where J. E. Franklin was living at the time of his death. E. R. Wyatt, who had been in the abstract business for over twenty years, made an extended investigation of the title to the plazas, parks, streets and alleys of the City of Charlotte. In searching the records of Atascosa County he found no evidence of a will by J. E. Franklin and no evidence of action in the county court on his estate. He did not search the probate records in Seattle, Washington. Wyatt testified that while making his investigation in Seattle he talked with two of Franklin's children with reference to a will. E. R. Breaker, related to Franklin by marriage, was acquainted with Franklin and his children and knew those who were in control of the Charlotte Townsite Company and the Franklin Development Company. He testified that of his own knowledge he did not know whether Franklin left a will, and that in visiting and talking with members of Franklin's family he never heard that Franklin left a will and that he did not discuss the matter of a will with them.

While the evidence above mentioned is not conclusive, the inference may reasonably be drawn from it that J. E. Franklin died intestate. The following appears in Slayton v. Singleton, 72 Texas 209, 211-212, 9 S. W. 876: "The law presumes that a person proved to be dead left an heir or heirs. Lawson on Pres. Ev., 198. No such presumption obtains as to the existence of a will. A devisee must establish his right through the will. But an heir is not required before taking as heir to prove that the deceased was intestate. The law casts the estate upon proof of the facts which make the heirship." See also Scates v. Fohn, 59 S. W. 837; Steele v. Caldwell, 158 S. W. 2d 867, 871. These

authorities lend support to the conclusion that the record in the instant case shows a chain of title from J. E. Franklin through his heirs.

■■ Respondents question the right of petitioner, the owner of a part of the stock of the Franklin Development Company, to maintain suit against them for the recovery of the entire title to the property in controversy. Steddum v. Kirby Lumber Co., 110 Texas 513, 221 S. W. 920, holds that the owner of an undivided interest may recover the entire interest in the land provided he shows his ownership of a definite undivided interest and that the defendant is a trespasser or a stranger to the title. By that authority the judgment for title and possession rendered herein for petitioner against respondents is supported, because, as has been shown, petitioner on the trial established its beneficial ownership of a definite undivided interest in the property by proof of its ownership of 90 shares of the stock of the Franklin Development Company, and further showed by the evidence that respondents are strangers to the title. Respondents claim under an oil and gas lease of the parks, plazas, streets and alleys of the city executed by the City of Charlotte to respondent Atkins on July 9, 1948, and under assignments of interests in that lease executed by respondent Atkins to the other respondents. The lease granted to respondent Atkins no right, title or interest in the property in controversy herein, because, as has been said above, the dedication by the Townsite Company did not convey the Company's title. It created only an easement for the benefit of the public.

While respondents offered no evidence on the trial of the case, it is apparent that their claims to the property are by virtue of the lease made by the City of Charlotte to respondent Atkins. This is shown by the stipulation that the Charlotte Townsite Company is the common source of title, by the documentary evidence in the statement of facts, by the testimony of witnesses who were officials of the City of Charlotte when the lease to respondent Atkins was executed, and by the testimony of respondent Kane. He testified that he is the owner of the drilling rig and other oil or gas drilling equipment "now located" on Rose Park in the City of Charlotte. And when questioned what interest "do you claim" in Rose Park he answered: "We claim the oil rights and mineral rights in Rose Park." He testified further that the interest claimed was obtained from the Town of Charlotte.

It was not necessary for petitioner to allege that the suit

was brought for all of the stockholders of the Franklin Development Company. In Pratt-Hewit Oil Co. v. Hewit, 122 Texas 38, 47, 52 S. W. 2d 64, it is said that in cases where the corporation has been denied the right to use the courts "the suit must be brought, not for the benefit of the corporation, but by the individual stockholders, suing in their own right." See also Favorite Oil Co. v. Jef Chaison Townsite Co., 162 S. W. 423. In that case the court held that the nine plaintiffs who were stockholders of the corporation had the right to prosecute the action as stockholders and in so holding said: "Although they do not so specifically allege, it necessarily resulted that the suit was being prosecuted for themselves, and other stockholders." Nor does the judgment rendered herein in favor of petitioner for the entire title impair the rights of the other stockholders who were not parties to the suit. The recovery inures to their benefit. Boone v. Knox, 80 Texas 642, 644, 16 S. W. 448; Cook v. Spivey, 174 S. W. 2d 634, 636.

The part of the trial court's judgment which enjoined respondents from commencing or conducting drilling or mining operations on any of the parks, plazas, streets and alleys in the City of Charlotte under the lease executed by the city to respondent Atkins should be affirmed, since respondents acquired no right or title by virtue of the lease.

The judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court, is reversed, and the judgment of the district court is in all respects affirmed.

Associate Justice Wilson not participating.

Opinion delivered January 10, 1951.

No motion for rehearing filed.