**TEXAS MACHINERY & EQUIPMENT CO., Inc., et al., Appellants,**

v.

**GORDON KNOX OIL & EXPLORATION CO., Appellee.**

No. 7876.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 28, 1968.

Rehearing Denied Nov. 25, 1968.

Carroll E. Brown, Amarillo, for appellants.

Lynch, Chappell, Allday & Hamilton and Randall Lundy, Midland, Crenshaw, Dupree & Milam and Tom S. Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an appeal from a judgment granted by the trial court giving relief to appellee, Gordon Knox Oil & Exploration Co. from a writ of garnishment judgment caused to be issued by Texas Machinery & Equipment Co., a non-entity, purporting to act by and through its attorney of record. From such judgment Texas. Machinery & Equipment Co. and the attorney of record have appealed. The other defendant, Ed Darnell, Sheriff of Midland County, Texas has not appealed.

Chronologically, the events leading to the judgment are as follows: On March 26, 1962, Texas Machinery & Equipment Co. through its president, vice president and secretary executed a Statement of Intent to Dissolve Texas Machinery & Equipment Co., which was filed in the office of the secretary of state on April 2, 1962.

On March 26, 1962, the same corporation, acting by and through its president and secretary sold, assigned and transferred to Le Torneau Manufacturing & Equipment Co., an Illinois corporation; James Talcott, Inc., a New York corporation and Yale & Towne Manufacturing Co., a Connecticut corporation, *all* of its assets, including all accounts, claims and

*judgments.* (All emphasis herein are ours unless otherwise shown.)

On May 1, 1962, in Cause No. 38,725 Texas Machinery & Equipment Co. obtained a judgment in Lubbock County against Frank Montgomery for $11,080.00. No written transfer of such judgment was ever filed in the office of the district clerk of Lubbock County in compliance with Art. 6636, Vernon's Ann.Tex.St., and the court issuing the garnishment was not apprised of the transfer.

On July 16, 1962, Texas Machinery & Equipment Co.'s right to do business in Texas was forfeited by the secretary of state.

On February 27, 1963, in answer to an inquiry of February 22, 1963, by the Honorable Robert S. Calvert, Comptroller of Public Accounts, as to whether Texas Machinery & Equipment Co., domiciled in Amarillo, Texas had assets in such county from which a judgment for franchise taxes, penalty and court costs could be satisfied, the Tax Assessor-Collector of Potter County endorsed thereon "none".

On March 14, 1963, the office of Attorney General of Texas advised the Secretary of State of the determination by the Comptroller's office of lack of assets of the named machinery company with which to satisfy a judgment for delinquent franchise taxes and its approval for forfeiture of the company's charter.

On the same day the Secretary of State signed an order stating " * * * that the charter of the above named corporation be and the same is hereby forfeited and made null and void * * *. "

On June 29, 1967, more than four years after its corporate charter had been forfeited, the former machinery company, acting by and through its attorney of record, filed a sworn application for writ of garnishment against Gordon Knox Oil & Exploration Co. seeking thereby to satisfy the Frank Montgomery judgment of May 1, 1962, assigned to foreign corporations more than five years previously.

On July 31, 1967, default judgment was entered against appellee on the garnishment application in favor of Texas Machinery & Equipment Co., whose corporate charter had been forfeited (without the trial court's knowledge) more than five years previously.

On October 2, 1967, appellee filed its petition in the nature of a bill of review seeking to void the judgment awarded on the garnishment application.

On October 18, 1967, the attorney of record for Texas Machinery & Equipment Co. filed an answer to the bill of review proceeding in which it was stated that " * * * five (5) years before the sworn application for writ of garnishment was filed the Frank Montgomery judgment which was the foundation for the writ of garnishment, was sold to the non-resident corporations above named and that Texas Machinery & Equipment Co. is a dissolved corporation."

■ In their first point appellants contend the trial court erred in granting appellee's petition in the nature of a bill of review for the reason there was neither pleading nor evidence to prove the necessary elements for granting relief under a bill of review. Appellee responds by contending the trial court did not have jurisdiction to render a default judgment in the garnishment proceedings because there was no legal entity with legal capacity and a remedial interest in the Montgomery judgment during all stages of the garnishment proceedings and additionally the judgment was void on other grounds.

Statutory availability by bill of review for relief from a judgment after expiration of 30 days from the date thereof is found in Rule 329b(5), Texas Rules of Civil Procedure. The Supreme Court of Texas in Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964) has recognized that the

stated rule prescribes no standards by which actions of defaulting parties must be measured except "for sufficient cause" and that it be filed "within the time allowed by law." There is no question in our case of compliance with the latter prescribed statutory measurement.

As shown in the chronology of activities leading to the garnishment judgment, Texas Machinery & Equipment Co.'s charter to do business in Texas had been forfeited more than four years before the garnishment was issued. Additionally, all of its assets, including all accounts, claims and judgment had been assigned to the foreign corporations. There is not any evidence in this case that the appellants were representing such corporations in their effort to take $11,080.00 away from a completely innocent party.

With respect to the requisites necessary to permit a party to sue, it has been textually stated in McDonald's Texas Civil Practice, Vol. 1, Sec. 3.03.2.-B, P. 225 that the courts " * * * have required that the plaintiff have an actual or legal existence, * * * and establishes under the substantive law a valuable right of interest, either personal or representative, in the subject matter of the controversy, * * * "

None of such conditions are present here. There is no evidence in the record to show the dead corporation was representing the true foreign corporate owners of the Montgomery judgment, and it had no legal existence.

In order for the court to have had jurisdiction in our case it must have had jurisdiction of the person seeking the judgment, and of the subject matter. Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810 (1947). Of course, the court must also have had power to render the particular judgment.

The decisions in this state hold that a void judgment is one entirely null within itself, and which is not susceptible of ratification and confirmation and such nullity cannot be waived. Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427 (1932). "Such is the judgment of a court having no jurisdiction over the subject matter adjudicated." Easterline v. Bean, supra. Ours being an action in personam, the same rule would apply. Simms Oil Co. v. Butcher, 55 S.W.2d 192 (Tex.Civ.App.-Dallas, 1932, writ dism'd). The general rule of law has been well established in this state to the effect that a judgment rendered by a court of general jurisdiction is void if such court did not, at the time of the rendition of the questioned judgment, have jurisdiction over the person against whom the judgment is rendered. Simms Oil Co. v. Butcher, supra; 49 C.J.S. Judgments § 19, p. 47; Mineral Holding Trust Co. v. Stovall, 288 S.W.2d 849 (Tex.Civ. App.-Galveston, 1956, reversed other grounds); Woodworth v. Woodworth, 277 S.W.2d 828 (Tex.Civ.App.-Beaumont, 1955, n. w. h.); Olton State Bank v. Howell, 105 S.W.2d 287 (Tex.Civ.App.-Amarillo, 1937, n. w. h.).

With respect to actions in personam, our courts have held if the person or entity is dead at the time of action the judgment is absolutely void. Edens v. Grogan Cochran Lumber Co., 172 S.W.2d 730 (Tex.Civ.App.-Beaumont, 1943, writ ref'd w. o. m.); State Mortgage Corp. v. Affleck, 27 S.W.2d 548 (Tex.Civ.App.-San Antonio, 1930, reversed other grounds Tex.Com.App., 51 S.W.2d 274). It has been held that no suit can lawfully be maintained except in the name of a plaintiff and against a defendant having a legal entity either as a natural or as an artificial person. Stinson v. King, 83 S.W.2d 398 (Tex.Civ.App.-Dallas, 1935, writ dism'd). And it cannot be said that the petition for garnishment was under a winding up theory because it was more than three years from the time of the charter forfeiture. Gamer Co. v. Gamage, 241 S.W. 736 (Tex.Civ.App.-Texarkana, 1922, writ ref'd); McBride v. Clayton, 140 Tex. 71,

166 S.W.2d 125 (Tex.Com.App., Sec. A, 1942, opinion adopted). Therefore, when the charter was forfeited for failure to pay the franchise tax, Texas Machinery & Equipment Co. was without the right to seek relief or defend any action in any court of Texas except a suit for forfeiture of the charter or permit. Art. 12.14, Taxation General, V.T.C.S. See also Canadian Country Club v. Johnson, 176 S.W. 835 (Tex.Civ.App.-Amarillo, 1915, writ ref'd); Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891 (1951); Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148, 153 (1953).

It is stated in Title 122A under Taxation, Art. 12.14, inter alia, "Any corporation whose right to do business shall be thus forfeited, shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter or permit of such corporation." It is also stated in 14 T.J.2d, P. 646: "Forfeiture of the right to do business only prohibits a corporation from doing business in the state and denies to it the right to sue or defend in any court of this state except in a suit to forfeit its charter." It is also stated in Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891 as follows:

"When, as here, the Secretary of State, acting under Article 7091 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 7091, has entered on the record in his office the forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been cancelled nor has the corporation been dissolved. Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798; State v. Dyer, 145 Tex. 586, 200 S.W.2d 813. *The effect of such a forfeiture is to prohibit the corporation from doing business in the state and to deny to it the right to sue or defend in any court of the state except in a suit to forfeit its charter.* The legal title to the assets remains in the corporation, but the beneficial title to the assets of the corporation is in the stockholders. This being true, and since the right to sue has been denied to the corporation by the forfeiture under Article 7091, the stockholders as beneficial owners of the assets of the corporation may prosecute or defend such actions in the courts as may be necessary to protect their property rights. Pratt-Hewit Oil Corporation v. Hewit, 122 Tex. 38, 52 S.W.2d 64; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56; Favorite Oil Co. of Beaumont & Cleburne v. Jef Chaison Townsite Co., Tex.Civ.App., 162 S.W. 423; Canadian Country Club v. Johnson, Tex.Civ.App., 176 S.W. 835, application for writ of error refused; Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 563, 63 S.W. 627; Hildebrand's Texas Corporations, Vol. 3, p. 146, § 761, p. 192, § 767." (Emphasis ours)

At the time the appellant brought this garnishment suit, it had been denied the right to sue in any court of the state and such action was void.

In the case here the court was not advised of the actions therefor taken by this appellant. It was held in Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705 that a court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term with or without a motion therefor. See also the cases there cited. We have considered all of appellant's assignments of error and overrule all of them. Judgment of the trial court is affirmed.