RODAR LEASING CORPORATION OF COLORADO, INC., Appellant,

v.

WHOLESOME DAIRY INC., a corporation, Appellee.

No. 6015.

Court of Civil Appeals of Texas.

El Paso.

May 14, 1969.

**468**

Peticolas, Luscombe & Stephens, Wayne Windle, Jr., El Paso, for appellant.

Studdard & Melby, John C. Melby, El Paso, for appellee.

FRASER, Chief Justice.

On April 9, 1969 this court rendered an opinion reversing the holdings of the lower court in the above entitled and numbered cause. On April 24, 1969 the appellee filed a motion for rehearing. We have considered this motion and have determined that it has merit. Therefore the aforesaid motion for rehearing is granted, our original opinion withdrawn, and the following opinion substituted in its place.

## OPINION

As stated in appellant's brief, on December 10, 1965, appellant, as plaintiff, filed its petition in the District Court of El Paso County, Texas, against the defendant-appellee. Said petition prayed for a total sum of $4,410.12 due and owing to appellant as the result of a breach of a lease agreement involving a large number of milk dispenser cans. Subsequently, appellee's motion for summary judgment was granted, denying appellant any recovery on its action.

The facts are as follows: On or about June or August of 1962, the parties entered into an oral contract in regard to the leasing of milk cans. The parties are in disagreement as to whether or not appellee would be liable for any loss of said milk cans and lids. Appellant is seeking recovery for cans lost between June 23, 1963 and December, 1963, and filed its original petition on December 10, 1965. In July of 1964, the owner and president of appellant company sold the assets of the organization to Rodar of Kansas. The claims which are being made in this lawsuit were specifically excluded from the sale of the assets of the corporation, so that they were retained by Rodar Leasing Corporation of Colorado, Inc. on July 5, 1965 the right of appellant to do business in Texas was forfeited for non-payment of franchise tax, which forfeiture was prior to the institution of this suit. On March 3, 1967 default judgment was entered in the 126th District Court of Travis County, Texas, ordering that the Certificate of Authorization issued by the State of Texas to appellant be forfeited and made null and void.

Appellant brings up two points of error, as follows:

"POINT OF ERROR NO. 1

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT AGAINST APPELLANT BECAUSE THE APPELLANT'S CAUSE OF ACTION AGAINST THE APPELLEE ACCRUED AT A TIME WHEN ALL FRANCHISE TAXES WERE TIMELY PAID AND BEFORE SUBSEQUENT OWNERS OF THE CORPORATION PERMITTED ITS RIGHT TO DO BUSINESS IN TEXAS TO BE FORFEITED FOR NON-PAYMENT OF FRANCHISE TAXES.

"POINT OF ERROR NO. 2

"THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT AGAINST APPELLANT BECAUSE APPELLANT CORPORATION BY VIRTUE OF THE INTERSTATE NATURE OF ITS BUSINESS IN TEXAS WAS NOT REQUIRED BY TEXAS LAW TO OBTAIN A PERMIT TO DO BUSINESS IN TEXAS AND WAS NOT OBLIGATED TO PAY FRANCHISE TAXES IN TEXAS."

We believe that appellant's first point must be overruled on the basis of the reasoning set forth in Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 at page 60. The court there states:

"After a careful consideration of all the provisions of this statute, we cannot escape the conclusion that it is susceptible of but one construction, and that

is that the inhibition against a corporation suing or defending in the courts, when its franchise tax is delinquent, applies even though the cause of action upon which it sues arose before its right to do business was forfeited, 'and any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any of the courts of this State,' is sufficiently broad and comprehensive to include causes of action arising prior to the forfeiture of the corporation's right to do business. That it was intended to cover all causes of action, regardless of the time in which they arose, is plainly revealed when we consider the exception inserted by the Legislature in the act of 1907, and carried into the act of 1913. This exception permitted the corporation to defend a suit brought by the state for the forfeiture of its charter. It was designed to mark definitely the limits of that which should be excluded from the operation of the statute. It is a familiar rule of statutory interpretation that an 'exception makes plain the intent that the statute should apply in all cases not excepted.' Sutherland on Statutory Construction (2d Ed.) § 494, p. 923; 25 R.C.L. 983; First Texas State Ins. Co. v. Smalley, 111 Tex. 68, 228 S.W. 550.

"That the Legislature had in mind to prohibit a corporation delinquent in the payment of its franchise tax from suing or defending on a cause of action arising before the forfeiture of its right to do business is further made manifest by that provision which prevents such corporation from obtaining affirmative relief in any suit brought against it. It is provided: 'And in any suit against such corporation on a cause of action arising before such forfeiture no affirmative relief shall be granted to such corporation unless its right to do business in this State shall be revived.'

"This language is plain and emphatic. It discloses a clear purpose upon the part of the Legislature to prevent a corporation from obtaining relief, even though the cause of action in which it is sought arose prior to the forfeiture of its right to do business."

This opinion by the Supreme Court clearly points out that a corporation that has lost its right to do business and its franchise, and has not revived same, cannot avail itself of the courts of the State of Texas.

To the same effect is Stephens County v. J. N. McCammon, Inc., 122 Tex. 148,, 52 S.W.2d 53; and the Supreme Court, in Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891, states: "The effect of such a forfeiture is to prohibit the corporation from doing business in the state and to deny to it the right to sue or defend in any court of the state except in a suit to forfeit its charter." See also, Texas Machinery & Equipment Co. v. Gordon Knox Oil & Exploration Co., 434 S.W.2d 182 (Tex.Civ.App., Amarillo). In that case the court quoted from Humble Oil Refining Co. v. Blankenburg, supra, as follows:

" 'When, as here, the Secretary of State, acting under Article 7091 of the Revised Civil Statutes, Vernon's Ann. Civ.St. art. 7091, has entered on the record in his office the forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been cancelled nor has the corporation been dissolved. Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798; State v. Dyer, 145 Tex. 586, 200 S.W.2d 813. The effect of such a forfeiture is to prohibit the corporation from doing business in the state and to deny to it the right to sue or defend in any court of the state except in a suit to forfeit its charter. * * *' "

Accordingly, appellant's first point must be, and is, overruled.

■ We believe that appellant's second point, also, must be overruled, because the

appellant corporation has not been dissolved and therefore does not come under the provisions of Article 7.12 of the Texas Business Corporation Act, V.A.T.S. It must be remembered that Mr. Van Ausdall testified that he had merely sold the Colorado assets of the corporation to a corporation in Kansas, but the appellant corporation had not dissolved and, as a matter of fact, this suit was brought in the name of Rodar Leasing Corporation of Colorado, Inc. See Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798. Further, there is no showing that Mr. Van Ausdall could not easily have paid the franchise taxes due the State of Texas by the appellant by and through the regular means and methods provided. Appellant's second point is therefore overruled.

Appellant's points of error being overruled, the decision of the trial court is hereby affirmed.