TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00320-CV






Robert Hamilton, Appellant



v.



John McLean, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 228,368 HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 This appeal arises from the disposition of earnest money after an attempt to sell a
business failed. The potential buyer, appellee John McLean, sued the sellers, the attorney with
whom he deposited the earnest money check, and the broker's attorney, appellant Robert 
Hamilton. After obtaining a default judgment against the sellers and settling with the attorney
who received McLean's deposit, McLean tried his conversion claim against Hamilton to a jury. 
The trial court rendered a judgment on the verdict against Hamilton for the amount of the earnest
money deposit plus interest and costs. We will affirm the judgment of the trial court.

 In 1995, McLean became interested in buying a car-inspection and car-detailing
business from Ronald and Jeanette Mahaffey. Benchmark Co., owned by T.C. McAfee, served
as broker for the negotiations between McLean and the Mahaffeys. In early July, McLean
delivered to the Mahaffeys a check for $3000 as earnest money. McAfee took the check to the
office of John Pleuthner, an attorney who was to conduct the closing. Pleuthner's office issued
a receipt for the check, agreeing not to deposit it until the office had received an accepted
purchase agreement. McLean and the Mahaffeys contemplated that McLean would form a
corporation to buy the business; they agreed that McLean would pay the full purchase price at
closing with a corporate check and that his earnest money check would be returned.

 Although an asset purchase agreement was signed, the Mahaffeys failed to disclose
that their license to operate the business had been suspended, and the sale was never completed. 
McAfee, fearing that he would lose his commission, sought Hamilton's advice. Hamilton advised 
McAfee to retrieve the earnest money check from Pleuthner's office. Pleuthner endorsed the
check to Hamilton, who deposited it and eventually disbursed the proceeds to McAfee. From the
$3000, McAfee paid Hamilton $1000 in attorney's fees.

 In points of error one and two, Hamilton contends that the trial court abused its
discretion by refusing to instruct the jury on his right to make a qualified refusal to a demand that
the check be returned. In submitting McLean's claim for conversion to the jury, the trial court
asked, "Did Robert Hamilton convert the property of John McLean?" The instruction
accompanying this question follows:


"Conversion" is the unauthorized and wrongful exercise of dominion and control
over another person's property, or the proceeds thereof, to the exclusion of or
inconsistent with the rights of the owner. An exercise of dominion and control is
unauthorized if the property is not returned after demand is made by the person
entitled to possession. The gist of conversion is not the acquisition of the property
by the wrongdoer, but wrongfully depriving a person of property which he is
entitled to possess. For a conversion to occur, it is not necessary for the
wrongdoer to benefit from the property converted. The controlling influence is the
property owner's loss and not the wrongdoer's benefit. You are instructed that
check number 1138 made payable to "John Pleuthner, Trustee" in the amount of
$3,000.00 was the personal property of John McLean. John Pleuthner was the
trustee for John McLean and had full authority to demand the return of John
McLean's earnest money from Robert Hamilton.


The court accurately instructed the jury on the law of conversion. See Branham v. Prewitt, 636
S.W.2d 507, 510 (Tex. App.--San Antonio 1982), writ ref'd n.r.e. per curiam, 643 S.W.2d 122
(Tex. 1982).

 Conversion may occur when one wrongfully detains property under an assertion
of right inconsistent with the owner's general dominion, particularly if the detention occurs after
demand for possession and refusal. Stein v. Mauricio, 580 S.W.2d 82, 83 (Tex. Civ. App.--San
Antonio 1979, no writ); see Bures v. First Nat'l Bank, 806 S.W.2d 935, 938 (Tex. App.--Corpus
Christi 1991, no writ). A person in possession of property may refuse to surrender it for a
reasonable length of time when he has a reasonable doubt about the claimant's right to immediate
possession. Stein, 580 S.W.2d at 83; Earthman's, Inc. v. Earthman, 526 S.W.2d 192, 204 (Tex.
Civ. App.--Houston [1st Dist.] 1975, no writ). This qualified refusal imposes a duty on the one
in possession to make a reasonable inquiry into the right of the claimant to possession, and the
qualified refusal must be made in good faith. Stein, 580 S.W.2d at 83. Further, the person in
possession must disclose the qualification to the claimant. He must communicate the reason for
the qualified refusal distinctly, and all reasons for the refusal that are not mentioned at the time
of refusal are waived. Id. If the qualified refusal is not reasonable or justifiable under the
circumstances, it amounts to a denial of the claimant's rights in the property. Earthman, 526
S.W.2d at 204.

 Hamilton testified that the first time he was asked for the money was in December
1995, when Pleuthner demanded its return. Hamilton responded to this demand by a letter in
which he told Pleuthner that he would "make things right" if somebody could show him a legal
basis requiring it. This evidence raises no factual issue concerning a qualified refusal to return
McLean's earnest money check. Because no evidence supported the submission of Hamilton's
requested instruction, we overrule points one and two.

 In his fourth point of error, Hamilton challenges the trial court's refusal to submit
the following instruction to the jury: "A lawyer representing his client owes no duty to third
parties absent a fraud or crime." This Court will not reverse a judgment based on the trial court's
failure to submit an instruction unless the instruction is substantially correct. Tex. R. Civ. P.
278. The instruction Hamilton requested is not substantially correct: an attorney may owe a duty
to a nonclient to avoid negligent misrepresentation. McCamish, Martin, Brown & Loeffler v. F.E.
Appling Interests, 991 S.W.2d 787, 795 (Tex. 1999). More importantly, Hamilton's role as an
attorney did not immunize him from the consequences of any wrongful act he might commit
against a person other than his client. Because the trial court did not abuse its discretion in
refusing to submit Hamilton's requested instruction, we overrule point four.

 In his sixth point of error, Hamilton contends that because statutory county courts
lack jurisdiction over trusts, the trial court erred in instructing the jury that Pleuthner was
McLean's trustee. See Tex. Prop. Code Ann. § 115.001 (West Supp. 2000). Section 115.001
of the Property Code vests in district courts exclusive jurisdiction over all proceedings concerning
trusts, including proceedings to appoint a trustee and to determine the powers and duties of a
trustee. Id. § 115.001(a)(3), (4). In this case, McLean made his earnest money check payable
to "John Pleuthner, Trustee." See id. § 114.084(b) (West 1995) (adding "trustee" after signature
is prima facie evidence of intent to exclude trustee from personal liability). This check was
admitted in evidence at trial. By the time trial began, Pleuthner was no longer adverse to
McLean, and his status and duties toward McLean were not in dispute. Hamilton's complaint that
Pleuthner denied being McLean's trustee before trial is unavailing because Pleuthner conceded
at trial that he was in fact McLean's trustee. Hamilton presented no evidence at trial contradicting
Pleuthner's legal status as trustee. Because the trial court made no ruling on Pleuthner's
trusteeship, but merely informed the jury of an undisputed fact, it did not abuse its discretion in
instructing the jury that Pleuthner was McLean's trustee in handling the earnest money McLean
had deposited. We overrule point six.

 Hamilton argues in point of error seven that McLean lacked standing to sue him
because McLean's only interest was that of beneficiary of the trust. The trustee has the sole right
and responsibility to enforce a cause of action in favor of a trust, and the beneficiary is authorized
to enforce such an action only when the trustee cannot or will not enforce it. Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp., 699 S.W.2d 864, 874 (Tex. App.--Houston [1st
Dist.] 1985, writ ref'd n.r.e.). In September 1995, McLean's attorney informed Pleuthner that
Pleuthner occupied a position of trust regarding the earnest money and that Pleuthner had violated
his fiduciary duty by releasing the check to a third party without McLean's consent; McLean's
attorney demanded that Pleuthner return the earnest money check. Pleuthner responded by letter
that, even if he had the money, he would not return it to either McLean or the Mahaffeys without
both parties having authorized its release. When Pleuthner failed to return the money, McLean
filed suit against him. In his second amended answer, Pleuthner denied owing a fiduciary duty
to McLean. Shortly before trial began, Pleuthner and McLean settled their dispute. Because
Pleuthner initially denied his role as trustee and failed to sue on behalf of the trust, McLean was
entitled to enforce the cause of action to obtain the earnest money. Pleuthner's cross-action
against Hamilton seeking indemnity for any judgment McLean might obtain against Pleuthner does
not equate to enforcing the conversion claim against Hamilton. We therefore overrule point
seven.

 In point of error eight, Hamilton challenges the trial court's directed verdict against
the counterclaim assigned to him by the broker. Before negotiating to buy the business, McLean
agreed in writing with Benchmark Co., a business brokerage owned and operated by T.C.
McAfee, that Benchmark would act as broker. After the sale failed to close, T.C. McAfee, on
behalf of McAfee Financial Corporation d/b/a Benchmark Co., assigned to Hamilton any claims
the broker may have had against McLean and his corporation or his attorney. McAfee executed
the assignment on May 28 or 29, 1996. The Texas Secretary of State's office certified, however,
that the charter of McAfee Financial Corporation was forfeited on February 13, 1996, pursuant
to the franchise tax provisions of the Tax Code. See Tex. Tax Code Ann. §§ 171.251-.317 (West
1992 & Supp. 2000). The Secretary of State further certified that as of January 4, 1999, the
corporation had not applied for reinstatement.

 An assignee cannot sue in state court on a claim obtained from a corporation after
the corporation loses the right to do business in the state. Rushing v. International Aviation
Underwriters, Inc., 604 S.W.2d 239, 242 (Tex. Civ. App.--Dallas 1980, writ ref'd n.r.e.); see Tax
Code § 171.252(1) (West 1992). Such a suit is barred even if the cause of action arose before the
corporation forfeited its right to do business. See Rodar Leasing Corp. of Colo., Inc. v.
Wholesome Dairy, Inc., 442 S.W.2d 467, 469 (Tex. Civ. App.--El Paso 1969, no writ); Tax Code
§ 171.253 (West 1992). Hamilton's argument that Benchmark's legal capacity to assign a claim
should have been raised by plea in abatement was not presented to the trial court, and we will not
consider it. Tex. R. App. P. 33.1(a). Because Benchmark was legally incapable of assigning a
claim to Hamilton, the trial court did not err in directing a verdict against that claim. We overrule
point eight.

 In points of error three and five, Hamilton argues that the trial court erred in
denying his motion for summary judgment on McLean's claims against him. Shortly after the trial
court denied his motion, McLean's claims against Hamilton were tried to a jury. When a party
unsuccessfully moves for summary judgment and subsequently loses at trial on the merits, the
order denying the summary-judgment motion is not appealable. Ackermann v. Vordenbaum, 403
S.W.2d 362, 365 (Tex. 1966). The party's remedy is to assign error to the trial court's judgment
ultimately rendered following trial on the merits. Turner v. County of Marion, 549 S.W.2d 254,
255 (Tex. Civ. App.--Texarkana 1977, writ dism'd). We therefore overrule points three and five.

 Hamilton contends in his ninth point of error that the trial court erroneously
awarded McLean a double recovery. In its judgment, the trial court ordered Hamilton to pay
McLean $3000 in actual damages and $952.02 in pre-judgment interest. The actual damages
awarded correspond to the $3000 check McLean deposited with Pleuthner as earnest money. 
Hamilton argues that the settlement agreement between McLean and Pleuthner, which required
Pleuthner to pay McLean $2500, results in a double recovery for McLean.

 A nonsettling defendant who wishes to receive credit for a settlement by another
defendant must notify the trial court that he seeks a credit before the cause is submitted to the
jury. Cedillo v. Paloff, 792 S.W.2d 830, 834-35 (Tex. App.--Fort Worth 1990, writ denied); see
Tex. Civ. Prac. & Rem. Code Ann. § 33.014 (West 1997). Hamilton neither notified the court
before submission that he wanted a credit nor requested a jury question apportioning responsibility
for McLean's damages between him and Pleuthner. Because Hamilton has waived this complaint
for review, we overrule point nine.

 Having overruled each of Hamilton's points of error, we affirm the judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: April 27, 2000

Do Not Publish



 In his second amended answer, Pleuthner denied owing a fiduciary duty
to McLean. Shortly before trial began, Pleuthner and McLean settled their dispute. Because
Pleuthner initially denied his role as trustee and failed to sue on behalf of the trust, McLean was
entitled to enforce the cause of action to obtain the earnest money. Pleuthner's cross-action
against Hamilton seeking indemnity for any judgment McLean might obtain against Pleuthner does
not equate to enforcing the conversion claim against Hamilton. We therefore overrule point
seven.

 In point of error eight, Hamilton challenges the trial court's directed verdict against
the counterclaim assigned to him by the broker. Before negotiating to buy the business, McLean
agreed in writing with Benchmark Co., a business brokerage owned and operated by T.C.
McAfee, that Benchmark would act as broker. After the sale failed to close, T.C. McAfee, on
behalf of McAfee Financial Corporation d/b/a Benchmark Co., assigned to Hamilton any claims
the broker may have had against McLean and his corporation or his attorney. McAfee executed
the assignment on May 28 or 29, 1996. The Texas Secretary of State's office certified, however,
that the charter of McAfee Financial Corporation was forfeited on February 13, 1996, pursuant
to the franchise tax provisions of the Tax Code. See Tex. Tax Code Ann. §§ 171.251-.317 (West
1992 & Supp. 2000). The Secretary of State further certified that as of January 4, 1999, the
corporation had not applied for reinstatement.

 An assignee cannot sue in state court on a claim obtained from a corporation after
the corporation loses the right to do business in the state. Rushing v. International Aviation
Underwriters, Inc., 604 S.W.2d 239, 242 (Tex. Civ. App.--Dallas 1980, writ ref'd n.r.e.); see Tax
Code § 171.252(1) (West 1992). Such a suit is barred even if the cause of action arose before the
corporation forfeited its right to do business. See Rodar Leasing Corp. of Colo., Inc. v.
Wholesome Dairy, Inc., 442 S.W.2d 467, 469 (Tex. Civ. App.--El Paso 1969, no writ); Tax Code
§ 171.253 (West 1992). Hamilton's argument that Benchmark's legal capacity to assign a claim
should have been raised by plea in abatement was not presented to the trial court, and we will not
consider it. Tex. R. App. P. 33.1(a). Because Benchmark was legally incapable of assigning a
claim to Hamilton, the trial court did not err in directing a verdict against that claim. We overrule
point eight.

 In points of error three and five, Hamilton argues that the trial court erred in
denying his motion for summary judgment on McLean's claims against him. Shortly after the trial
court denied his motion, McLean's claims against Hamilton were tried to a jury. When a party
unsuccessfully moves for summary judgment and subsequently loses at trial on the merits, the
order denying the summary-judgment motion is not appealable. Ackermann v. Vordenbaum, 403
S.W.2d 362, 365 (Tex. 1966). The party's remedy is to assign error to the trial court's judgment
ultimately rendered following trial on the merits. Turner v. County of Marion, 549 S.W.2d 254,
255 (Tex. Civ. App.--Texarkana 1977, writ dism'd). We therefore overrule points three and five.

 Hamilton contends in his ninth point of error that the trial court erroneously
awarded McLean a double recovery. In its judgment, the trial court ordered Hamilton to pay
McLean $3000 in actual damages and $952.02 in pre-judgment interest. The actual damages
awarded correspond to the $3000 check McLean deposited with Pleuthner as earnest money. 
Hamilton argues that the settlement agreement between McLean and Pleuthner, which required
Pleuthner to pay McLean $2500, results in a double recovery for McLean.

 A nonsettling defendant who wishes to receive credit for a settlement by another
defendant must notify the trial court that he seeks a credit before the cause is submitted to the
jury. Cedillo v. Paloff, 792 S.W.2d 830, 834-35 (Tex. App.--Fort Worth 1990, writ denied); see
Tex. Civ. Prac. & Rem. Code Ann. § 33.014 (West 1997). Hamilton neither notified the court
before submission that he wanted a credit nor requested a jury question apportioning responsibility